■ LERMIT PLASTICS CO., INC., et al., Respondents, v. C. W. LAUMAN & CO., INC., Defendant, and KENNEDY VALVE MANUFACTURING CO., Appellant.— In an action to recover damages for breach of contract, breach of warranty and negligence, defendant Kennedy Valve Manufacturing Co. appeals from an order of the Supreme Court, Nassau County, dated October 13, 1971, which denied its motion for leave to serve an amended answer containing certain affirmative defenses, including the Statute of Limitations. Order reversed, without costs, and motion granted. The amended answer must be served within 20 days after entry of the order to be made hereon. In our opinion, the denial of the motion was an improvident exercise of discretion absent a showing of prejudice to plaintiffs. Munder, Acting P. J., Latham, Gulotta, Christ and Benjamin, JJ., concur.

■ LUMBERMEN'S MUTUAL CASUALTY COMPANY, Appellant, v. HERMAN McZORN et al., Respondents.— In a proceeding to stay arbitration, petitioner appeals from an order of the Supreme Court, Orange County, entered December 28, 1971, which denied the application, without a hearing. Order reversed, without costs, and proceeding remitted to Special Term for a jury trial in accordance with the views herein set forth. Petitioner sought to stay arbitration demanded by respondents pursuant to the uninsured automobile indorsement on the automobile liability insurance policy which it had issued to respondent Herman McZorn. The ground relied on by petitioner is that the occurrence involved is not within the policy and that there is, therefore, no arbitrable dispute. The issue involves a question of whether the driver of the truck which struck the vehicle occupied by respondents had wrongfully appropriated the truck. Accordingly, a jury trial should be had on this issue (*Matter of MVAIC* [*Malone*], 16 N Y 2d 1027; *Zelanka* v. *MVAIC*, 32 A D 2d 847).— Munder, Acting P. J., Latham, Gulotta, Christ and Benjamin, JJ., concur.