(June 6, 1983)

■ MARK A. BERNSTEIN, Respondent, v CARMINE SPATOLA, Appellant, et al., Defendant. — In an action, *inter alia,* to enjoin defendant Carmine Spatola from interfering with plaintiff's contractual right to payment of certain royalties, defendant Spatola appeals from an order of the Supreme Court, Kings County (Pino, J.), dated October 28, 1981, which, *inter alia,* granted plaintiff's motion for summary judgment enjoining Spatola. Order reversed, with costs, and motion for summary judgment denied. The record discloses issues of fact that can be resolved only by trial. The basic issue is whether plaintiff's royalty agreement with defendant Spatola was the product of arm's length bargaining or the result of plaintiff's threat to sabotage the negotiations he was conducting on Spatola's behalf with a prospective licensee. Whether or not plaintiff and Spatola acted as joint venturers, the record discloses a business relationship between the two men pursuant to a September 27, 1976 memorandum of agreement. The record further discloses that Spatola's sworn allegation of a threat to sabotage the negotiations was not denied in plaintiff's reply papers. Finally, the record discloses that during the negotiations with the prospective licensee, plaintiff demanded and obtained a provision for direct payment from the licensee in order to avoid "constant litigation" with Spatola that would be "likely" if plaintiff had to look to Spatola for his share of the royalty payments. Accordingly, if plaintiff had in fact undertaken to represent Spatola in these negotiations, the circumstances suggest plaintiff may have acted in bad faith. On the other hand, plaintiff's business relationship with Spatola may not have been such as to give rise to any obligation on plaintiff's part to act in good faith during negotiations with the prospective licensee. Hence there are factual issues relevant to Spatola's defenses of economic duress and tortious interference with his business opportunity (see *Union Car Adv. Co. v Collier,* 263 NY 386, 401; *Friar v Vanguard Holding Corp.,* 78 AD2d 83; *Bethlehem Steel Corp. v Solow,* 63 AD2d 611, mot to dismiss app granted 45 NY2d 837; *Bachorik v Allied Control Co.,* 34 AD2d 940). Furthermore, there is an issue of fact respecting Spatola's right to interpose these defenses because of his failure to impeach the royalty-sharing agreement during the first five years of its operation. Spatola does not claim ignorance of the pertinent facts; rather, his statement was that he did not understand until recently that they gave rise to a right to rescind the agreement. Hence, there is a question, not determinable upon the papers in the record, whether Spatola had impliedly ratified by his action the royalty-sharing agreement or past payments thereunder. The order granting plaintiff's motion for summary judgment must accordingly be reversed and the issues tried. Mollen, P. J., Gulotta, O'Connor and Rubin, JJ., concur.

■ YVONNE BOSTIC et al., Appellants, v GRACE GONZALEZ et al., Respondents. — In a negligence action to recover damages for personal injuries and property damage, etc., the plaintiffs appeal (1) from an order of the Supreme Court, Queens County (Goldstein, J.), entered September 8, 1982, which, *inter alia,* denied their motion to proceed to inquest upon defendants' default in appearing, and granted the cross motion of the defendants to dismiss the action pursuant to CPLR 3215 (subd [c]) for failure to enter a default judgment against them within one year and (2) as limited by their brief, from so much of an order of the same court, entered October 16, 1982, as upon granting their motion for reargument, adhered to the original decision. Appeal from the order entered September 8, 1982, dismissed. Said order was superseded by the order entered October 16, 1982, made upon reargument. Order entered October 16, 1982, affirmed insofar as appealed from. No opinion. Defendants are awarded one bill of costs. Thompson, J. P., O'Connor, Bracken and Boyers, JJ., concur.