■ CENTURY FEDERAL SAVINGS & LOAN ASSOCIATION OF LONG ISLAND, Respondent, v NET REALTY HOLDING TRUST, Appellant. — In an action to reform a lease and to declare the rental escalation clause of that lease unconscionable, defendant appeals (1) from so much of an order of the Supreme Court, Nassau County (Kutner, J.), entered August 16, 1983, as granted that part of plaintiff's motion as sought to amend its complaint; and (2) as limited by its brief, from so much of a further order of the same court, dated November 8, 1983, as, upon granting reargument, adhered to its original determination and denied defendant's motion to dismiss the complaint, as amended.

Appeal from order entered August 16, 1983 dismissed as academic, without costs or disbursements. That order was superseded by the order dated November 8, 1983, which was made upon reargument.

Order dated November 8, 1983, modified, as a matter of discretion, by adding a provision thereto increasing the payment to be made by the plaintiff to the defendant to $2,000. As so modified, order affirmed, insofar as appealed from, without costs or disbursements. Order entered August 16, 1983 modified accordingly. The plaintiff's time to make the payment is extended until 20 days after service upon it of a copy of the order to be made hereon, with notice of entry.

Special Term did not abuse its discretion in granting plaintiff leave to amend its complaint. However, the granting of the motion should have been conditioned upon the plaintiff paying to defendant the sum of $2,000 for costs and counsel fees rather than $1,000 (see CPLR 3025, subd [b]; *Fahey v County of Ontario,* 44 NY2d 934, 935; *Perkins v New York State Elec. & Gas Corp.,* 91 AD2d 1121, 1122).

We find no merit to defendant's further contention that the complaint, as amended, should be dismissed. Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.