■ MARK A. BERNSTEIN, Appellant, v CARMINE SPATOLA et al., Respondents.—In an action for a permanent injunction pertaining to the payment of royalties under a licensing agreement and for punitive damages against the defendant Spatola, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Dowd, J.), dated March 12, 1984, as (1) denied as moot the plaintiff's motion dated August 5, 1983, to punish the defendant New York Bronze Company, Inc., for contempt for failing to comply with a preliminary injunction entered on or about September 24, 1981; (2) granted so much of the defendant New York Bronze Company, Inc.'s cross motion dated August 11, 1983, as authorized it to deposit into court, pending a final determination of the action, certain royalty payments claimed by the plaintiff; (3) denied those branches of the plaintiff's cross motion, dated August 23, 1983, which were for an order directing the withholding of royalties payable by the defendant New York Bronze Company, Inc., to the defendant Spatola and directing the latter to post an undertaking; (4) granted the defendant Spatola's motion, dated August 31, 1983, for leave to serve an amended answer containing affirmative defenses and counterclaims and deemed the proposed answer served as of January 3, 1984; and (5) denied a cross motion by the plaintiff dated September 30, 1983, for an order continuing the previously issued preliminary injunction, and for an award of $5,000 in costs, disbursements and attorneys' fees.

Order modified, by (1) deleting therefrom the sixth decretal paragraph and substituting therefor the following: "Ordered, that the motion of the defendant Carmine Spatola for leave to serve an amended answer is granted to the extent of permitting assertion of affirmative defenses only." and (2) by deleting therefrom the eighth decretal paragraph thereof and substituting therefor the following: "Ordered that the branch of the plaintiff's cross motion, dated September 30, 1983, which was for an award of costs and attorney's fees is granted to the extent that leave to the defendant Spatola to serve an amended answer is conditioned upon payment by the defendant Spatola to the plaintiff of the sum of $5,000 in costs, disbursements, and attorneys' fees, and in the event said payment is not made, the defendant Spatola's motion for leave to serve an amended answer is denied in its entirety. That

branch of the plaintiff's cross motion which was for a continuation of the preliminary injunction dated September 24, 1981, is in all respects denied, without prejudice to the plaintiff, if so advised, to move anew for a preliminary injunction upon satisfying the prerequisites therefor." As so modified, order affirmed insofar as appealed from, without costs or disbursements. The defendant Spatola's time to pay the $5,000 and to serve his amended answer is extended until 30 days after service upon him of a copy of the order to be made hereon, with notice of entry.

In September 1976 the defendant Spatola entered into a licensing agreement with the defendant New York Bronze Company, Inc. Spatola and the plaintiff Bernstein contemporaneously executed a document whereby Spatola assigned to Bernstein 40% of the royalties payable under the licensing agreement. Another document, undated and signed by Spatola alone, authorizes New York Bronze Company, Inc., to pay directly to Bernstein 40% of the royalties due Spatola under the licensing agreement. Through March 1981 Bernstein received periodic royalty payments as provided by these documents. By letter dated April 4, 1981, Spatola revoked his authorization for New York Bronze Company, Inc., to make payments to Bernstein, and directed that "[a]ll royalties in their entirety shall be forwarded to me". New York Bronze Company, Inc. thereupon stopped making payments to Bernstein. Bernstein thereafter commenced this action on or about June 6, 1981, for injunctive relief directing New York Bronze Company, Inc., to pay Bernstein his 40% share of the royalties and permanently enjoining Spatola from interfering with Bernstein's right to those royalties, as well as for punitive damages against Spatola. On the same day, Bernstein served Spatola with an order to show cause moving for a preliminary injunction. On July 9, 1981, Spatola served an answer *pro se,* which contained general denials of the key allegations of the complaint. On July 16, 1981, Bernstein moved for partial summary judgment on his cause of action for permanent injunctive relief, and a severance of the punitive damages claim. In late July 1981 Spatola retained counsel. On August 4, 1981, Bernstein won his pending motions by default. In late 1981, Spatola was granted vacatur of his default on the motion for partial summary judgment but not on the motion for a preliminary injunction; no appeal was ever perfected from the denial of vacatur of Spatola's default on the latter motion. On September 25, 1981, Spatola again defaulted on the motion for partial summary judgment, and again obtained

vacatur of his default. Bernstein was eventually granted partial summary judgment and severance of his claim for punitive damages by order of the Supreme Court, Kings County (Pino, J.), dated October 28, 1981. Spatola then appealed from that order and this court reversed in June 1983, holding, insofar as here pertinent, that "there are factual issues relevant to Spatola's defenses of economic duress and tortious interference with his business opportunity" *(Bernstein v Spatola,* 95 AD2d 765). No issues relating to the preliminary injunction were raised on that appeal.

In August 1983 Spatola moved at Special Term to vacate the preliminary injunction. In a second motion, Spatola sought to amend his answer to assert affirmative defenses of duress, misrepresentation and tortious interference with his business opportunity, and to assert on those grounds counterclaims for rescission of his assignment to Bernstein and for restitution of moneys paid to Bernstein pursuant to that assignment. The other parties made the motions and cross motions described above. Special Term decided the motions as indicated, holding, insofar as here pertinent, that the preliminary injunction "was terminated and superseded by the granting of summary judgment decreeing a permanent injunction" and that this court's subsequent reversal "did not revive the preliminary injunction". Special Term also ruled that Spatola's proposed counterclaims were not barred by the Statute of Limitations because Spatola was "precluded" from amending his answer until after this court reversed the order granting partial summary judgment, and that, pursuant to CPLR 203 (c), the counterclaims should be deemed to have been interposed at the time of Spatola's original answer "under the facts here".

In the instant case, the preliminary injunctive relief awarded to the plaintiff upon Spatola's default was superseded by the order of Justice Pino granting the plaintiff the permanent injunctive relief sought. Spatola's earlier attempt to vacate his default does not alter this result. The fact that this court subsequently reversed Justice Pino's order dated October 28, 1981, did not serve to resurrect the already defunct preliminary injunction. Under the circumstances of this case as outlined in our prior decision in *Bernstein v Spatola* (95 AD2d 765, *supra),* the likelihood of the plaintiff's ability to ultimately prevail on the merits is questionable. Accordingly, Special Term properly concluded that there was no longer a preliminary injunction in effect. However, in view of the peculiar factual circumstances of this case, our decision is

without prejudice to the plaintiff's right, should he be so inclined, to move before Special Term for a new preliminary injunction.

We disagree, however, with Special Term's disposition of the motion and cross motion relating to Spatola's amended answer. Prejudice to the adverse party is the main barrier which prevents granting a motion to amend an answer (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, C3025:6, pp 477-478; *Lermit Plastics Co. v Lauman & Co.,* 40 AD2d 680). At bar, it is obvious that the facts underlying the proposed amendments to Spatola's answer must have been known to Spatola from the outset, and it is just as obvious that a timely assertion of Spatola's proposed defenses would have prevented Bernstein from ever moving for summary judgment in the first place. Spatola's failure to timely assert his defenses subjected Bernstein to significant trouble and expense *(see, Wyso v City of New York,* 91 AD2d 661). This unnecessary expenditure of time and money by Bernstein constitutes a form of prejudice which is curable through the imposition of costs *(see, Campbell v La Forgia Oil Co.,* 81 AD2d 824), but such prejudice cannot be fully cured unless Bernstein is permitted to recover the realistic expenses, including attorney's fees, directly attributable to Spatola's delay *(Century Fed. Sav. & Loan Assn. v Net Realty Holding Trust,* 106 AD2d 484; *see also,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, C3025:13, p 484). We view Special Term's denial of Bernstein's request for the imposition of costs, disbursements and attorneys' fees upon Spatola in the amount of $5,000 as an improvident exercise of discretion. We also disagree with so much of Special Term's order as allowed Spatola to assert counterclaims for the affirmative relief of rescission and restitution. These claims are time barred (CPLR 213). Nor is any basis to be found in this record or in CPLR 203 (e) for deeming these counterclaims to have been interposed at the time of Spatola's original answer. That answer, containing only general denials, gave no notice that Spatola intended to call Bernstein's conduct into question *(see, New York Tel. Co. v County Asphalt,* 86 Misc 2d 958, 960). Mere reference to duress by Spatola in 1981 in his papers opposing Bernstein's motion for summary judgment is not adequate notice under CPLR 203 (e) *(Werner Spitz Constr. Co. v Vanderlinde Elec. Corp.,* 64 Misc 2d 157). Spatola's argument that CPLR 203 (e) applies where the proposed counterclaims arise from the same transactions as are pleaded in the complaint is without merit. That argument

appears to confuse the provisions of CPLR 203 (e) with those of CPLR 203 (c). Moreover, the transactions pleaded in Bernstein's complaint are not the same as those underlying Spatola's proposed counterclaims (*cf. Matter of SCM Corp. [Fisher Park Lane Co.]*, 40 NY2d 788, 791-792). We also reject the argument that Spatola was precluded from asserting his counterclaims during the almost two years between the grant of summary judgment to Bernstein and this court's subsequent reversal thereof; the cause of action for $100,000 in punitive damages had been severed and was still viable during that interval. Accordingly, Spatola's amended answer may assert affirmative defenses only, and service of that answer is conditioned upon payment of Bernstein's resulting costs, disbursements, and attorneys' fees in the amount of $5,000. Gibbons, J. P., Thompson, Weinstein and Kunzeman, JJ., concur.