■ MARIA NIKAC et al., Appellants, v GJELOSH RUKAJ et al., Respondents. [714 NYS2d 444] —In an action, *inter alia,* to set aside an alleged fraudulent conveyance, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Rosato, J.), entered December 16, 1998, which denied their motion for leave to enter a judgment against the defendants on the second, third, and fourth causes of action asserted in the complaint upon their failure to appear or answer.

■ MARIA NIKAC et al., Appellants, v GJELOSH RUKAJ, Respondent. [714 NYS2d 443] —In an action, *inter alia,* to recover damages for wrongful death, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Rosato, J.), entered May 19, 1999, as

granted the defendant's motion for leave to serve an amended answer, granted the defendant's motion for a stay of the action pending the determination of an appeal by the defendant from a judgment of the County Court, Westchester County, rendered June 3, 1998, convicting him of, among other things, murder in the second degree, and held in abeyance their motion for partial summary judgment on the first, second, fifth, and seventh causes of action in the complaint pending expiration of the stay. The appeal brings up for review so much of an order of the same court, entered July 28, 1999, as upon, in effect, granting reargument, adhered to the original determination granting the defendant's motion for leave to serve an amended answer (see, CPLR 5517 [b]).

Ordered that the appeal from so much of the order entered May 19, 1999, as held in abeyance the plaintiffs' motion for partial summary judgment is dismissed, as no appeal lies as of right from that part of the order (see, CPLR 5701 [a] [2]; Katz v Katz, 68 AD2d 536), and we decline to grant leave; and it is further,

Ordered that the appeal from so much of the order entered May 19, 1999, as granted the defendant's motion for a stay of the action pending the determination of an appeal by the defendant from the judgment rendered June 3, 1998, is dismissed as academic; and it is further,

Ordered that the appeal from so much of the order entered May 19, 1999, as granted leave to serve an amended answer is dismissed, as that part of the order was superseded by the order entered July 28, 1999; and it is further,

Ordered that the order entered July 28, 1999, is affirmed insofar as reviewed; and it is further,

Ordered that the respondent is awarded one bill of costs.

On November 15, 1999, this Court determined the defendant's appeal from a judgment of the County Court, Westchester County, rendered June 3, 1998, convicting him of murder in the second degree and criminal possession of a weapon in the second degree (see, People v Rukaj, 266 AD2d 407). Therefore, the appeal from so much of the order entered May 19, 1999, as granted the defendant's motion for a stay of the action pending the determination of that appeal is dismissed as academic.

The defendant's motion for leave to amend his answer was properly granted. CPLR 3025 (b) provides that permission to amend pleadings shall be "freely given". The determination to permit or deny the amendment is entrusted to the sound discre-

tion of the court (*see, Murray v City of New York,* 43 NY2d 400, 404-405). " 'Mere lateness is not a barrier to the amendment. It must be lateness coupled with significant prejudice to the other side' " (*Edenwald Contr. Co. v City of New York,* 60 NY2d 957, 959, quoting Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3025:5, at 356). "Prejudice to the adverse party is the main barrier which prevents granting a motion to amend an answer" (*Bernstein v Spatola,* 122 AD2d 97, 100; *see also, Lermit Plastics Co. v Lauman & Co.,* 40 AD2d 680). The plaintiffs failed to demonstrate that the amendment would result in any prejudice to them. O'Brien, J. P., Thompson, Altman and Friedmann, JJ., concur.