■ SPRAIN BROOK MANOR NURSING HOME, Respondent, v BARBARA GLAZER, Appellant. [774 NYS2d 393]—

In an action, inter alia, to recover the cost of care provided to the defendant's decedent, the defendant appeals from a judgment of the Supreme Court, Westchester County (Collabella, J.), dated June 9, 2003, which, upon the granting of the plaintiff's motion for summary judgment, is in favor of the plaintiff and against her in the principal sum of $21,900 and awarding an attorney's fee in the sum of $12,000 plus costs and disbursements.

Ordered that the judgment is modified, on the facts, by deleting the provision thereof awarding the plaintiff an attorney's fee in the sum of $12,000 plus costs and disbursements; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings in accordance herewith.

The plaintiff nursing home commenced this action to recover the cost of care provided to the defendant's decedent, and for an attorney's fee and interest. Contrary to the defendant's contention on appeal, there is no triable issue of fact as to the plaintiff's cause of action alleging breach of contract (*see Zuckerman v City of New York,* 49 NY2d 557 [1980]). Thus, the Supreme Court properly awarded the plaintiff judgment on that cause of action plus contractual interest.

The defendant's argument that the contract at issue was one of adhesion is raised for the first time on appeal and therefore, is not properly before this Court (*see Mancini v Pedra Constr.,* 293 AD2d 453, 454 [2002]). Further, the argument is not one of law which could not have been avoided if raised at the proper juncture. Consequently, it is not one which may be reached for the first time on appeal (*cf. Deltoro v Arya,* 305 AD2d 628, 629 [2003]; *Weiner v MKVII-Westchester,* 292 AD2d 597 [2002]).

However, on the record presented, the Supreme Court erred in awarding the plaintiff an attorney's fee and costs and disbursements, as there are questions of fact requiring a hearing as to the reasonableness thereof (*see O'Connor v Blodnick, Abramowitz & Blodnick,* 295 AD2d 586 [2002]; *M. Sobol, Inc. v Wykagyl Pharm.,* 282 AD2d 438 [2001]; *Sand v Lammers,* 150 AD2d 355 [1989]). Ritter, J.P., Goldstein, Townes and Crane, JJ., concur.