■ GIOVANNI ARCURI et al., Respondents, v EVELYN RAMOS et al., Defendants, and TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY, Appellant. [776 NYS2d 895]—

In an action to recover damages for personal injuries, etc., the defendant Triborough Bridge and Tunnel Authority appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Schulman, J.), dated March 3, 2003, as denied its motion for leave to amend its answer to add the affirmative defense of the statute of limitations and to dismiss the complaint insofar as asserted against it based on that affirmative defense.

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the defendant Triborough Bridge and Tunnel Authority, the action against the remaining defendants is severed, the cross claims of the defendants Evelyn Ramos and the City of New York are converted into third-party claims against Triborough Bridge and Tunnel Authority, and the caption is amended accordingly.

The Supreme Court erred in denying the motion of the defendant Triborough Bridge and Tunnel Authority (hereinafter the Authority) for leave to amend its answer to add the affirmative defense of the statute of limitations. CPLR 3025 (b) provides that leave to amend pleadings shall be "freely given." While the decision to permit or deny an amendment is entrusted to the sound discretion of the Supreme Court (*see Murray v City of New York*, 43 NY2d 400, 404-405 [1977]), "[m]ere lateness is not a barrier to the amendment. It must be lateness coupled with significant prejudice to the other side, the very elements of

the laches doctrine" (*Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959 [1983] [internal quotation marks omitted]). In fact, "[p]rejudice to the adverse party is the main barrier which prevents granting a motion to amend an answer" (*Bernstein v Spatola*, 122 AD2d 97, 100 [1986]; *see Schiavone v Victory Mem. Hosp.*, 300 AD2d 294 [2002]; *St. Paul Fire & Mar. Ins. Co. v Town of Hempstead*, 291 AD2d 488 [2002]). Here, the plaintiffs failed to establish that any prejudice would result if the Authority's request for leave to amend its answer was granted. Under these circumstances, the Authority should have been permitted to amend its answer to add the affirmative defense of the statute of limitations.

Moreover, upon the amendment of the answer, the Authority was entitled to dismissal of the plaintiffs' complaint insofar as asserted against it. Contrary to the plaintiffs' contentions, the applicable statute of limitations for actions against the Authority is the one-year period found in Public Authorities Law § 569-a (2), and not the one-year and 90-day period found in General Municipal Law § 50-i (1). By its terms, General Municipal Law § 50-i (1) applies only to personal injury, wrongful death, or property damage actions brought against "a city, county, town, village, fire district or school district." Since the Authority is not one of those entities, section 50-i (1) does not apply to it (*cf. Guillan v Triborough Bridge & Tunnel Auth.*, 202 AD2d 472 [1994]). Because the plaintiffs failed to commence their action against the Authority within the applicable one-year statute of limitations, their complaint should have been dismissed insofar as asserted against the Authority.

In light of our determination, the cross claims of the defendants Evelyn Ramos and the City of New York must be converted into third-party claims against the Authority. Ritter, J.P., Smith, H. Miller and S. Miller, JJ., concur.