■ Luis Carmo, Respondent, v Verizon, Appellant. [786 NYS2d 104]—In an action, inter alia, to recover damages for failure to comply with a subpoena, the defendant appeals from an order of the Supreme Court, Nassau County (Lally, J.), entered June 10, 2003, which denied its motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action.

Ordered that the appeal is dismissed as academic, without costs or disbursements.

Subsequent to the entry of the order appealed from, the Supreme Court, Nassau County, granted the defendant's motion for summary judgment dismissing the complaint in its entirety in an order entered May 17, 2004. The plaintiff filed a notice of appeal. Thus, the appeal from the order entered June 10, 2003, denying the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action has been rendered academic (*see Wilson v Prazza*, 306 AD2d 467 [2003]; *Smith Fabrication & Repair v Gasthaus*, 259 AD2d 515 [1999]; *Habe v Triola*, 154 AD2d 437 [1989]; *Lighting Horizons v Kahn & Co.*, 120 AD2d 648, 649 [1986]).

In any event, the defendant's arguments relating to the Uniform Act to Secure the Attendance of Witnesses from Without a State in Criminal Proceedings are raised for the first time on appeal and therefore not properly before this Court (*see Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 311 [1984]; *Sprain Brook Manor Nursing Home v Glazer*, 6 AD3d 522 [2004]; *Mancini v Pedra Constr.*, 293 AD2d 453, 454 [2002]; Karger, Powers of the New York Court of Appeals § 100, at 618 [3d ed]). Moreover, they are not dispositive arguments (*see Matter of Grand Jury Subpoenas*, 70 NY2d 700, 701 [1987]; *Matter of Subpoena Duces Tecum Served on Custodian of Records of Institutional Mgt. Corp.*, 137 NJ Super 208, 215-217, 348 A2d 792, 795-796 [1975]). Altman, J.P., Crane, Fisher and Lifson, JJ., concur.