■ PUBLIC ADMINISTRATOR OF KINGS COUNTY, Respondent, v HOSSAIN CONSTRUCTION CORPORATION et al., Defendants, and BRUNO FRUSTACI CONTRACTING, INC., Appellant. (And a Third-Party Action.) [815 NYS2d 621]—

In an action to recover damages for wrongful death and for violations of Labor Law § 240, the defendant Bruno Frustaci Contracting, Inc., appeals from so much of an order of the Supreme Court, Kings County (F. Rivera, J.), dated July 15, 2005, as denied those branches of its motion which were for leave to amend its answer to add the affirmative defense of the statute of limitations as to the wrongful death causes of action and to dismiss those causes of action insofar as asserted against it based on that affirmative defense.

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion, with costs, those branches of the motion which were for leave to amend the appellant's answer to add the affirmative defense of the statute of limitations as to the wrongful death causes of action and to dismiss those causes of action insofar as asserted against the appellant based on that affirmative defense are granted, and those causes of action are dismissed insofar as asserted against the appellant.

The decedent allegedly fell from a 40-foot ladder while working on a construction and renovation project, and died as a result of his injuries. He was survived by a wife and four children, two of whom are minors. The plaintiff was issued letters of administration for the decedent's estate. Approximately six months after receiving such letters, and more than two years after the decedent's death, the plaintiff commenced this action against, among others, the appellant, Bruno Frustaci Contracting, Inc. (hereinafter Frustaci), the general contractor on the project. The plaintiff sought to recover damages for violations of Labor Law § 240 and for wrongful death. Frustaci moved, inter alia, for leave to amend its answer to add the affirmative defense of the statute of limitations as to the wrongful death causes of action and to dismiss those causes of action insofar as asserted

against it based on that affirmative defense. The Supreme Court denied such relief. We reverse.

Leave to amend pleadings shall be "freely given" in the absence of prejudice or surprise to the opposing party (*see* CPLR 3025 [b]; *Edenwald Contr. Co. v City of New York,* 60 NY2d 957 [1983]; *Arcuri v Ramos,* 7 AD3d 741 [2004]; *McKenzie v Ostreich,* 300 AD2d 371 [2002]). "Mere lateness is not a barrier to the amendment. It must be lateness coupled with significant prejudice to the other side, the very elements of the laches doctrine" (*Edenwald Contr. Co. v City of New York, supra* at 959 [internal quotation marks omitted]; *see also Arcuri v Ramos, supra; McKenzie v Ostreich, supra*). Here, the plaintiff failed to demonstrate prejudice or surprise. Thus, the Supreme Court improvidently exercised its discretion in denying Frustaci's motion for leave to amend its answer (*see Arcuri v Ramos, supra*).

The causes of action to recover damages for wrongful death were interposed more than two years after the death of the decedent and, therefore, were untimely (*see* EPTL 5-4.1; *Arcuri v Ramos, supra*). Further, given that the decedent's wife and two adult children were potential personal representatives of the estate, the statute of limitations was not tolled pursuant to CPLR 208 by the infancy of two of the decedent's children (*see Hernandez v New York City Health & Hosps. Corp.,* 78 NY2d 687 [1991]; *Ratka v St. Francis Hosp.,* 44 NY2d 604 [1978]; EPTL 1-2.13). The plaintiff's argument that the rationale of *Hernandez v New York City Health & Hosps. Corp. (supra)* should nonetheless be extended to the facts of this case because neither the decedent's wife nor his two adult children were eligible to receive letters of administration is being raised for the first time on appeal. Therefore, it is not properly before the Court (*see Sprain Brook Manor Nursing Home v Glazer,* 6 AD3d 522 [2004]). Further, the argument is not one of law which could not have been avoided if raised at the proper juncture. Rather, it turns on facts dehors the record. Thus, it is not an argument which may be reached for the first time on appeal (*see Sprain Brook Manor Nursing Home v Glazer, supra*). Ritter, J.P., Luciano, Spolzino and Skelos, JJ., concur.