Chestnut Ridge Assoc., LLC v 30 Sephar Lane, Inc. (2019 NY Slip Op 01387)





Chestnut Ridge Assoc., LLC v 30 Sephar Lane, Inc.


2019 NY Slip Op 01387


Decided on February 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
JEFFREY A. COHEN
LINDA CHRISTOPHER, JJ.


2015-03217
 (Index Nos. 14674/10, 456/12)

[*1]Chestnut Ridge Associates, LLC, plaintiff, 
v
30 Sephar Lane, Inc., et al., defendants. (Matter No. 1) 30 Sephar Lane Corp., et al., plaintiffs/petitioners-respondents, Village of Chestnut Ridge Zoning Board of Appeals, et al., defendants/respondents-appellants. (Matter No. 2)


Terry Rice, Suffern, NY, for appellants.
Feerick Lynch MacCartney & Nugent, PLLC, South Nyack, NY (Dennis E. A. Lynch of counsel), for respondents.



DECISION & ORDER
In a hybrid action, inter alia, for declaratory relief, and proceeding pursuant to CPLR article 78 in Matter No. 2, the defendants/respondents in Matter No. 2 appeal from an order of the Supreme Court, Rockland County (Gerald E. Loehr, J.), dated December 24, 2014. The order, insofar as appealed from, granted that branch of the plaintiffs/petitioners' motion which was for leave to enter a default judgment on the sixth cause of action, seeking a declaration that Local Law No. 1 (2009) of the Village of Chestnut Ridge was unconstitutional as applied to the plaintiffs/petitioners, and denied the defendants/respondents' cross motion for leave to serve a late answer.
ORDERED that the appeal is dismissed as academic, without costs or disbursements.
In a prior order and judgment dated June 17, 2013, the Supreme Court denied those branches of the defendants/respondents' pre-answer motion which were to dismiss the first, second, and sixth causes of action in Matter No. 2, granted the petition, annulled a determination of the Village of Chestnut Ridge Zoning Board of Appeals (hereinafter the Zoning Board of Appeals) dated January 17, 2012, and awarded the plaintiffs costs and attorneys' fees pursuant to Public Officers Law § 107(2). The defendants/respondents appealed to this Court from that order and judgment.
Prior to this Court's determination of the appeal from the order and judgment dated June 17, 2013, the Supreme Court issued an order dated December 24, 2014, which is the subject of this appeal. The order, inter alia, granted that branch of the plaintiffs/petitioners' motion which was for leave to enter a default judgment on the sixth cause of action, which sought a declaration that Local Law No. 1 (2009) of the Village of Chestnut Ridge was unconstitutional as applied to the plaintiffs/petitioners, and denied the defendants/respondents' cross motion for leave to serve a late answer.
Thereafter, in a decision and order dated June 17, 2015, this Court, among other things, modified the order and judgment dated June 17, 2013, and remitted the matter to the Supreme [*2]Court for further proceedings, inter alia, to afford the defendants/respondents the opportunity to answer (see Chestnut Ridge Assoc., LLC v 30 Sephar Lane, Inc., 129 AD3d 885). This Court also affirmed the denial of that branch of the defendants/respondents' motion which was to dismiss the sixth cause of action in the complaint/petition, which, among other things, sought a judgment declaring that Local Law No. 1 (2009) of Village of Chestnut Ridge was unconstitutionally void for vagueness.
After remitittur from this Court, the defendants/respondents served an answer to the complaint/petition. In an order and judgment dated June 21, 2016, appealed from by the defendants/respondents in the companion appeal (see Chestnut Ridge Associates, LLC v 30 Sephar Lane, Inc., ____ AD3d ____ [Appellate Division Docket No. 2016-08136; decided herewith]), the Supreme Court accepted the defendants/respondents' answer and, inter alia, awarded the plaintiffs/petitioners "summary judgment on its Sixth Cause of Action for a declaration that Local Law No. 1 was unconstitutional." In the companion appeal, the defendants/respondents did not appeal from so much of the order and judgment as awarded the plaintiffs/petitioners summary judgment on the sixth cause of action.
In light of the fact that the defendants/respondents have been afforded an opportunity to answer and have served an answer, and since the Supreme Court resolved the sixth cause of action after accepting the answer, rather than on the defendants/respondents' default, the instant appeal has been rendered academic (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714; Carmo v Verizon, 13 AD3d 329, 329; Douglas Smith Fabrication & Repair v Gasthaus, 259 AD2d 515, 515).
SCHEINKMAN, P.J., DILLON, COHEN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court