OPINION OF THE COURT
Stanley L. Sklar, J.
The issues presented are (a) whether the plaintiffs may seek to hold a professional corporation (P.C.) vicariously liable for the acts of two non party physician employees when the P.C. was, after expiration of the Statute of Limitations, made a party to this action based solely on its unity of interest with another physician who was an employee and shareholder of the P.C., and who was timely served; and (b) whether that timely served physician may be held vicariously liable for the two nonparty physicians on the basis of de facto employment.
*817 Dr. John Chang’s and John B. Chang, M.D., P. C.’s motion,* which seeks dismissal of all allegations of negligence by Drs. Garvey and Giwa, liability for whose acts is sought to be imposed vicariously on either Dr. Chang or the P.C., is granted.
Dr. Chang as a mere shareholder and employee of the P.C. is not liable for the malpractice of Drs. Giwa or Garvey, who were also employees of the P.C. (Connell v Hayden, 83 AD2d 30, 49-50 [2d Dept 1981]; Hill v St Clare’s Hosp., 67 NY2d 72, 79 [1986].) Nor have plaintiffs Walter and Thea Katz submitted any facts establishing a de facto employment of these physicians by Dr. Chang, individually.
As conceded by plaintiffs’ counsel, "Mr. Katz was a private patient of Dr. Stephen Litwak who called in Dr. Chang or Dr. Chang’s group.” In a prior motion in this action in which plaintiffs sought leave to serve a supplemental summons and amended complaint on the P.C. on the ground that the P.C. was united in interest with Dr. Chang who was previously served, which application was granted, this court found that there was no dispute that while he was hospitalized Mr. Katz’s attending physicians requested a consultation of "Chang/Garvey/Giwa.” Thus the consultation was made of the group and not of Dr. Chang, individually. In addition, the bill received by Mr. Katz, and submitted and relied upon by plaintiffs on the instant application, does not in any way establish a holding out by Dr. Chang that he was individually responsible for employees of the P.C. since it bears the caption in bold print “Long Island Vascular' Clinic,” followed in smaller print by "John B. Chang, M.D., P.C.” and "Julius W. Garvey, M.D.” Indeed, this bill indicates that the treatment was rendered by "JWG”, Julius W. Garvey. In sum, plaintiffs have failed to submit their own affidavits or any other evidence sufficient to raise a triable issue on whether they were erroneously led to believe that Dr. Chang was the employer of Drs. Giwa and Garvey. Thus Dr. Chang is not vicariously liable for their acts of negligence.
Neither can the P.C. be held vicariously liable for the negligence of these two physicians since the P.C. was, after the expiration of the Statute of Limitations, made a party to *818 the action based solely on its unity of interest with Dr. Chang who was timely served. The justification on the prior application for permitting late service on the P.C. was that Dr. Chang would promptly and adequately investigate and defend the action on behalf of himself and thereby adequately protect the rights of the P.C. insofar as its liability was premised on Dr. Chang’s alleged acts and omissions. That rationale does not apply to the negligence, if any, of Drs. Giwa and Garvey since Dr. Chang would have no reason to promptly investigate and defend against the claims pertaining to them.
Thus, any claim of negligence on the part of Drs. Giwa and Garvey is barred by the Statute of Limitations.
In sum plaintiffs are barred from seeking to vicariously impose liability on either Dr. Chang or the P.C. for the negligence, if any, of Drs. Giwa or Garvey.

 Since both sides desire to resolve the issues presented herein prior to the convening of the medical malpractice panel and prior to trial, I shall proceed to a determination regardless of whether this application is considered one for summary judgment or one for an in limine ruling.