■ ST. PAUL FIRE & MARINE INSURANCE COMPANY et al., Plaintiffs, v TOWN OF HEMPSTEAD et al., Respondents, and KEVLAN CORP. et al., Appellants. [738 NYS2d 226] —In an action to recover for property damage, the defendants Kevlan Corp. and Isaac Zarabi appeal from an order of the Supreme Court, Nassau County (Parga, J.), dated April 16, 2001, which denied their motion for leave to amend their answer to assert cross claims for contribution and indemnification.

Ordered that the order is reversed, as a matter of discretion, with costs, and the motion is granted.

The Supreme Court erred in denying the appellants' motion for leave to amend their answer to assert cross claims for contribution and indemnification. CPLR 3025 (b) provides that leave to amend pleadings should be "freely given." While the

decision to permit or deny the amendment is entrusted to the sound discretion of the court (*see, Murray v City of New York,* 43 NY2d 400, 404-405), "[m]ere lateness is not a barrier to the amendment. It must be lateness coupled with significant prejudice to the other side, the very elements of the laches doctrine" (*Edenwald Contr. Co. v City of New York,* 60 NY2d 957, 959, quoting Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3025: 5, at 477). "Prejudice to the adverse party is the main barrier which prevents granting a motion to amend an answer" (*Bernstein v Spatola,* 122 AD2d 97, 100; *see, Nikac v Rukaj,* 276 AD2d 537; *Northbay Constr. Co. v Bauco Constr. Corp.,* 275 AD2d 310, 312; *Huntington v Trotta Auto Wreckers,* 257 AD2d 647). The respondents failed to demonstrate that they would be prejudiced by an amendment. Altman, J.P., Smith, Krausman, McGinity and Cozier, JJ., concur.