■ CHRISTINE SCHIAVONE, Respondent, v VICTORY MEMORIAL HOSPITAL et al., Defendants, and JAGANNATH SINGH, Appellant. [738 NYS2d 87] —In an action, inter alia, to recover damages for medical malpractice, the defendant Jagannath Singh appeals from an order of the Supreme Court, Kings County (Levine, J.), dated October 20, 2001, which denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was for summary judgment dismissing the cause of action to recover damages for wrongful death insofar as asserted against the appellant, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

On February 28, 1994, the plaintiff's decedent was taken by ambulance to the Victory Memorial Hospital (hereinafter the Hospital) emergency room complaining of a burning sensation in the chest, belching, and pain in both arms. There, she was examined and treated by an emergency-room physician who rendered a diagnosis of gastritis and discharged her. The decedent died approximately five days later, allegedly of a myocardial infarction. The plaintiff commenced this action against the Hospital in May 1996, and subsequently added as defendants Dyker Emergency Physicians, P.C. (hereinafter Dyker), the contractual provider of emergency-room services at the Hospital, and the treating physician Dr. Balkrishnan Nigam, an employee of Dyker. In January 2000, the trial court granted the plaintiff leave to add the appellant as a defendant. The plaintiff alleged that the appellant, the president of Dyker, was negligent because he had reviewed the decedent's hospital record the day after she was discharged, but failed to call her back to the hospital before she died. After being served with the complaint, the appellant moved for summary judgment dismissing the complaint insofar as asserted against him on the ground that it was barred by the statute of limitations. The plaintiff opposed, arguing that the claim against the appellant related back to the original claim against the Hospital. The Supreme Court denied the appellant's motion.

"[T]he relation back doctrine allows a claim asserted against a defendant in an amended filing to relate back to claims previously asserted against a codefendant for Statute of Limitations purposes where the two defendants are united in interest" (*Buran v Coupal,* 87 NY2d 173, 177; *see, Poulard v Papamihlopoulos,* 254 AD2d 266). The doctrine requires the plaintiff to estab-

lish that "(1) both claims arose out of the same conduct, transaction or occurrence, (2) the new party is united in interest with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that the new party will not be prejudiced in maintaining its defense on the merits by the delayed, otherwise stale, commencement, and (3) the new party knew or should have known that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against that party as well" (*Austin v Interfaith Med. Ctr.*, 264 AD2d 702, 703; *see, Buran v Coupal, supra; Moller v Taliuaga,* 255 AD2d 563).

Contrary to the contentions of the appellant, the plaintiff established that the appellant was united in interest with the Hospital. In malpractice actions, the defendants are considered united in interest when one is vicariously liable for the acts of the other (*see, Connell v Hayden,* 83 AD2d 30, 45). Hospitals are vicariously liable for the negligence of an independent contractor emergency-room physician where the patient enters the emergency room seeking treatment from the hospital rather than a specific physician of the patient's own choosing (*see, Abraham v Dulit,* 255 AD2d 345). Here, the decedent was transported to the Hospital emergency room by ambulance. She sought emergency treatment from the Hospital, not from any specific physician. Thus, the Hospital is vicarously liable for the alleged malpractice of the appellant even though he was an independent contractor with the Hospital at the time of the occurrence.

The Supreme Court providently exercised its discretion in permitting the plaintiff's cause of action sounding in medical malpractice against the appellant to relate back to the original complaint against the Hospital, since there was no showing of bad faith on the part of the plaintiff or prejudice to the appellant (*see, Buran v Coupal, supra*). However, the court should not have permitted the wrongful death cause of action against the appellant to relate back to the original complaint against the Hospital, because that cause of action was not timely interposed against the Hospital in the first instance. The relation back doctrine necessarily assumes that the action was timely commenced against the original named defendant with whom the new defendant is said to be united in interest (*see, Buran v Coupal, supra* at 182; *Brock v Bua,* 83 AD2d 61, 68). Where that is not the case, the claim against the new defendant in the amended pleading cannot stand, even where the original defendant waived that statute of limitations defense

pursuant to CPLR 3211 (e) by failing to raise it in a motion or a responsive pleading.

The appellant's remaining contentions are without merit. Altman, J.P., Adams, Townes and Crane, JJ., concur.