◼ CHRISTINE SCHIAVONE et al., Respondents, v VICTORY MEMORIAL HOSPITAL, Appellant-Respondent, et al., Defendants, and BALKRISHNAN NIGAM, Respondent-Appellant. [751 NYS2d 287] —In an action, inter alia, to recover damages for medical malpractice, the defendant Victory Memorial Hospital appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Levine, J.), dated November 16, 2001, as denied those branches of its cross motion and amended cross motion which were for leave to amend its answer to assert a cross claim for indemnification against the defendant Balkrishnan Nigam, and the defendant Balkrishnan Nigam separately appeals from so much of the same order as denied that branch of his motion which was for summary judgment dismissing the cause of action to recover damages for medical malpractice insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from by the defendant Victory Memorial Hospital, and those branches of its cross motion and amended cross motion which were for leave to amend its answer to assert a cross claim against the defendant Balkrishnan Nigam are granted; and it is further,

Ordered that the order is affirmed insofar as appealed from by the defendant Balkrishnan Nigam; and it is further,

Ordered that one bill of costs is awarded to the plaintiff and the defendant Victory Memorial Hospital, payable by the defendant Balkrishnan Nigam.

The Supreme Court properly concluded that the medical malpractice claim asserted against the defendant Dr. Balkrishnan Nigam is not barred by the statute of limitations because the relation-back doctrine applies. The relation-back doctrine allows a claim asserted against a defendant in an amended complaint to relate back to claims previously asserted against a codefendant for statute of limitations purposes where the plaintiff establishes that "(1) both claims arose out of the same conduct, transaction, or occurrence, (2) the new party is united in interest with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that the new party will not be prejudiced in maintaining its defense on the merits by the delayed, otherwise stale, commencement, and (3) the new party knew or should have known that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against that party as well" (*Austin v Interfaith Med. Ctr.,* 264 AD2d 702, 703; *see Buran v Coupal,* 87 NY2d 173, 177; *Moller v Taliuaga,* 255 AD2d 563, 564).

The plaintiff satisfied the first prong of the relation-back test because his medical malpractice claim against both Dr. Nigam and the codefendant Victory Memorial Hospital (hereinafter the hospital) is based upon Dr. Nigam's alleged negligence in treating the decedent in the hospital emergency room on or about February 24, 1994. The plaintiff also established that Dr. Nigam is united in interest with the hospital because the hospital can be held vicariously liable for his alleged negligence in providing care to the decedent, who entered the emergency room seeking treatment from the hospital rather than from any specific physician (*see Schiavone v Victory Mem. Hosp.,* 292 AD2d 365, 366; *see also Austin v Interfaith Med. Ctr., supra*; *Connell v Hayden,* 83 AD2d 30, 45). Furthermore, there was no showing that the plaintiff acted in bad faith in failing to initially join Dr. Nigam as a defendant in the action, and there is no evidence that Dr. Nigam is prejudiced (*see Buran v Coupal, supra*; *Schiavone v Victory Mem. Hosp., supra*). Accordingly, the plaintiff's medical malpractice claim against Dr. Nigam relates back to the original complaint against the hospital, and Dr. Nigam is not entitled to summary judgment dismissing the claim against him upon the ground that it is time-barred.

However, the Supreme Court improvidently exercised its discretion in denying the hospital leave to amend its answer to assert a cross claim against Dr. Nigam for common-law indemnification. CPLR 3025 (b) provides that leave to amend

pleadings shall be "freely given." Moreover, in the absence of prejudice, mere delay in seeking leave to amend a pleading does not bar an amendment (see *Edenwald Contr. Co. v City of New York,* 60 NY2d 957, 959). "Prejudice to the adverse party is the main barrier which prevents granting a motion to amend an answer" (*Bernstein v Spatola,* 122 AD2d 97, 100; see *St. Paul Fire & Mar. Ins. Co. v Town of Hempstead,* 291 AD2d 488). Dr. Nigam neither alleged nor demonstrated that he would be prejudiced by the proposed amendment, and it cannot be said that the proposed amendment is devoid of merit. Under these circumstances, the hospital should be permitted to amend its answer to assert a cross claim against Dr. Nigam (see *St. Paul Fire & Mar. Ins. Co. v Town of Hempstead, supra*; *Levine v Levine,* 286 AD2d 423; *Nikac v Rukaj,* 276 AD2d 537, 538-539). Santucci, J.P., Krausman, Crane and Mastro, JJ., concur.