■ PETER STASSOU, Respondent-Appellant, v CASINI & HUANG CONSTRUCTION, INC., Defendant, and PETER CASINI et al., Appellants-Respondents. [789 NYS2d 225]—

In an action, inter alia, to enjoin the defendants from interfering with an easement claimed by the plaintiff, the defendants Peter Casini and Korea Exchange Bank separately appeal, as limited by their briefs, (1) from a decision of the Supreme Court, Queens County (Leviss, J.), dated August 12, 2003, and (2) from so much of a judgment of the same court dated August 29, 2003, as, upon the decision, and after a nonjury trial on the issue of damages, is in favor of the plaintiff and against each of them in the principal sum of $315,000, and the plaintiff cross-appeals from the same decision and so much of the judgment as denied his claims for additional compensatory and punitive damages and damages for loss of income.

Ordered that the appeal and cross appeal from the decision are dismissed, without costs or disbursements, as no appeal lies from a decision (*see Schicchi v Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the judgment is modified, on the law, by deleting the provisions thereof awarding interest up to time of the court's decision on the awards for punitive damages; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for entry of an appropriate amended judgment.

The plaintiff was not entitled to interest on the punitive dam-

age award for any period prior to the date of the Supreme Court's decision (*see Delulio v 320-57 Corp.*, 99 AD2d 253 [1984]; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5001:2). "Punitive damages are intended only to impose punishment on a defendant. Interest on such damages prior to verdict or decision is unnecessary to assure full compensation to the injured party" (*Delulio v 320-57 Corp., supra* at 255, citing Legislative Studies and Reports, McKinney's Cons Laws of NY, Book 7B, CPLR 5001 at 527).

The Supreme Court properly determined that the plaintiff was entitled to $210,000 in compensatory damages for the loss in value to his property due to the destruction of the easement by the defendants. We further agree that the plaintiff was not entitled to any further damages resulting from the destruction of the easement.

The parties' remaining contentions are without merit. Schmidt, J.P., Santucci, Luciano and Rivera, JJ., concur.