■ KATHERINE M. JONES et al., Appellants, v WILLIAM CUMMINGS et al., Defendants, and ANDREW GOLDENBERG et al., Respondents. [865 NYS2d 656]—

In an action, inter alia, to recover damages for wrongful death, the plaintiffs appeal from an order of the Supreme Court,

Rockland County (Berliner, J.), dated June 19, 2007, which granted the motion of the defendants Andrew Goldenberg and Digestive Disease Associates of Rockland, P.C., to strike language from the plaintiffs' amended complaint and bill of particulars seeking to impose liability on Digestive Disease Associates of Rockland, P.C., based on the acts of members of that P.C. other than Dr. Andrew Goldenberg, and for a protective order pursuant to CPLR 3103 limiting the plaintiffs' questioning of Dr. Shah or other nonparty physician members of Digestive Disease Associates of Rockland, P.C., to the facts, and not allowing questioning as to their expert opinions.

Ordered that the order is affirmed, with costs.

The instant action was originally commenced against Good Samaritan Hospital, two of its physicians, and Dr. Andrew Goldenberg, who was a member of Digestive Disease Associates of Rockland, P.C. (hereinafter DDAR). After the expiration of the applicable statute of limitations, the Supreme Court, in a prior order from which no appeal was taken, granted the plaintiffs' motion for leave to serve a supplemental summons and amended complaint on DDAR, pursuant to the relation-back doctrine, on the ground that it was united in interest with Dr. Goldenberg (*see Buran v Coupal,* 87 NY2d 173 [1995]). Since the DDAR was made a party to the action after the expiration of the statute of limitations based solely on its unity of interest with Dr. Goldenberg, who was timely served, DDAR's liability in the instant action cannot be predicated upon vicarious liability for the alleged negligent acts of other members of DDAR who are not parties to this action, including nonparty physician Dr. Vipul Shah (*see Katz v Long Is. Jewish-Hillside Med. Ctr.,* 144 Misc 2d 816 [1989]). Such nonparty physicians would not be united in interest with Dr. Goldenberg, against whom the action was timely commenced. Therefore, DDAR and its nonparty physician members would be prejudiced in maintaining a defense on the merits based on the untimely assertion of causes of action against them (*see Buran v Coupal,* 87 NY2d 173, 178 [1995]). Accordingly, the language in the plaintiff's amended complaint and amended bill of particulars which sought to impose liability on DDAR based on the acts of members of DDAR other than Dr. Goldenberg was properly stricken.

Moreover, the issuance of the protective order limiting the questions that may be posed to nonparty physician members of DDAR, including Dr. Shah, to the facts, and not allowing questioning as to their expert opinions, was a provident exercise of discretion (*see Brandes v North Shore Univ. Hosp.,* 22 AD3d 440 [2005]; *Piervinanzi v Bronx Cross County Med. Group,* 244

AD2d 396 [1997]; *Fristrom v Peekskill Community Hosp.*, 239 AD2d 315 [1997]; CPLR 3103 [a]).

The appellants' remaining contention is without merit. Prudenti, P.J., Santucci, McCarthy and Chambers, JJ., concur.