FRED LAST, Respondent, v GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, Appellant. [898 NYS2d 879]—In an action, inter alia, to recover damages for breach of a contract of insurance, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated September 14, 2009, as denied its cross motion for summary judgment dismissing the complaint as time-barred.

Ordered that order is reversed insofar as appealed from, on the law, with costs, and the defendant's cross motion for summary judgment dismissing the complaint as time-barred is granted.

The defendant made a prima facie showing of its entitlement to judgment as a matter of law by demonstrating that the causes of action in the complaint were asserted after the expiration of the applicable statute of limitations (*see* CPLR 213 [2]; *Lynford*

*v Williams*, 34 AD3d 761, 762 [2006]). Contrary to the Supreme Court's determination, in opposition, the plaintiff, whose causes of action were asserted in a untimely filed complaint, as opposed to in an amendment to a timely filed complaint (*see* CPLR 1002 [a]; 3025 [b]; *cf. Fulgum v Town of Cortlandt Manor*, 19 AD3d 444, 445-446 [2005]; *Fairbanks Capital Corp. v Nagel*, 289 AD2d 99, 100 [2001]; *Key Intl. Mfg. v Morse/Diesel, Inc.*, 142 AD2d 448, 457-459 [1988]), in an intervenor's complaint in a timely commenced action (*see* CPLR 1013), or in an untimely commenced action that could be consolidated with a timely commenced action (*see* CPLR 602; *cf. DeLuca v Baybridge at Bayside Condominium I*, 5 AD3d 533, 535 [2004]), failed to demonstrate the applicability of the relation-back doctrine (*see Buran v Coupal*, 87 NY2d 173, 177-178 [1995]; *Mondello v New York Blood Ctr.—Greater N.Y. Blood Program*, 80 NY2d 219, 226 [1992]; *Duffy v Horton Mem. Hosp.*, 66 NY2d 473, 476-478 [1985]; *Caffaro v Trayna*, 35 NY2d 245, 249-250 [1974]; CPLR 203 [b], [f]). Accordingly, the Supreme Court should have granted the defendant's cross motion for summary judgment dismissing the complaint as time-barred. Covello, J.P., Florio, Miller and Eng, JJ., concur.