Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered December 20, 2011, which, to the extent appealed from as limited by the briefs, granted the motion of de *502 fendant St. Barnabas Hospital for summary judgment dismissing the complaint and all cross claims as against it, unanimously affirmed, without costs.
A hospital is ordinarily not liable for the acts of a private attending physician (see Hill v St. Clare’s Hosp., 67 NY2d 72, 79 [1986]) unless a patient, in accepting treatment by the private physician, relies upon the fact that the physician’s services are provided by the physician as the hospital’s apparent agent (see id. at 79-82), such as where the patient comes to the emergency room seeking treatment from the hospital and not from a particular physician of the patient’s choosing (see Shafran v St. Vincent’s Hosp. & Med. Ctr., 264 AD2d 553, 558 [1st Dept 1999]). Where apparent agency is established as a predicate for holding the hospital responsible for the alleged malpractice (Hill, 67 NY2d at 79), liability is contingent upon the plaintiff having a viable claim against the physician who treated him (see Kukic v Grand, 84 AD3d 609 [1st Dept 2011]; Magriz v St. Barnabas Hosp., 43 AD3d 331 [1st Dept 2007], lv denied and dismissed 10 NY3d 790 [2008]).
Defendant established its entitlement to judgment as a matter of law by demonstrating that independent vascular surgeons, employees of nonparty Vascular Surgical Group, were responsible for the supervision and management of plaintiffs care. Since it is conceded that plaintiff arrived at defendant hospital in an unconscious state, liability on a theory of ostensible agency finds no record support (Brink v Muller, 86 AD3d 894, 896 [3d Dept 2011]). Nor is there evidence that hospital employees failed to carry out instructions given by the attending physicians. Thus, there is no basis upon which to subject the hospital to liability (Walter v Betancourt, 283 AD2d 223, 224 [1st Dept 2001]).
As to the affidavit submitted by plaintiffs’ expert, the conclusoiy assertion that the hospital’s doctors should have administered adequate anticoagulation therapy does not suffice to raise a question of fact with respect to whether hospital physicians assumed responsibility for plaintiffs treatment. Moreover, plaintiffs’ expert failed to identify the manner in which the hospital staff deviated from good and accepted medical practice (see Lopez v Master, 58 AD 3d 425 [1st Dept 2009]). Concur — Tom, J.E, Andrias, Freedman, Román and Gische, JJ.