# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1191
CA 13-00362
PRESENT: SMITH, J.P., CENTRA, FAHEY, CARNI, AND WHALEN, JJ.

---

KATHLEEN NASCA AND ANTHONY NASCA,
PLAINTIFFS-APPELLANTS,

V                                                MEMORANDUM AND ORDER

MARK LOUIS DELMONTE, DOING BUSINESS AS NIAGARA
CHIROPRACTIC OFFICE (FORMERLY INCORRECTLY SUED
HEREIN AS "NIAGARA CHIROPRACTIC"),
DEFENDANT-RESPONDENT,
ET AL., DEFENDANT.

---

TRONOLONE & SURGALLA, P.C., BUFFALO, LAW OFFICE OF GERARD A. STRAUSS, HAMBURG (GERARD A. STRAUSS OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.

FELDMAN KIEFFER, LLP, BUFFALO (MATTHEW J. KIBLER OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered May 8, 2012.  The order denied the motions of plaintiff to amend the amended complaint and to add a party defendant.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the June 16, 2011 motion upon condition that plaintiffs shall serve the proposed pleading within 30 days of service of a copy of the order of this Court with notice of entry and as modified the order is affirmed without costs in accordance with the following Memorandum:  Plaintiffs commenced this medical malpractice action seeking damages for injuries sustained by Kathleen Nasca (plaintiff) as a result of a cervical manipulation performed by defendant Curtis R. Venne, D.C.  The amended complaint named Venne and Mark Louis DelMonte, doing business as Niagara Chiropractic Office, as defendants.  Over a year after the statute of limitations expired, plaintiffs filed two motions seeking leave to amend the amended complaint.

In their first motion (hereafter, March motion), plaintiffs sought to amend the amended complaint to add Mark Louis DelMonte, in his individual capacity, and Mark Louis DelMonte, D.C., P.C. (DelMonte P.C.) as defendants.  According to plaintiffs, evidence had been adduced in discovery supporting the claims that DelMonte P.C. is a sham corporation and that misrepresentations were made to the public and to plaintiff with respect to the employment status of Venne. Plaintiffs submitted a proposed "second amended complaint" in connection with the March motion.  We note at the outset with respect

to DelMonte in his individual capacity that plaintiffs previously named DelMonte, doing business as Niagara Chiropractic Office, as a defendant in the amended complaint.  Plaintiffs thus were not required to seek leave to amend the amended complaint to name him as a defendant in his individual capacity (*see* Business Corporation Law § 1505 [a]).

While the March motion was pending, plaintiffs made a second motion (hereafter, June motion), characterized by plaintiffs as an application to amend the amended complaint to add DelMonte P.C. as a "party defendant" and to deem service made nunc pro tunc on that defendant.  In the June motion, plaintiffs sought "leave to . . . file and serve the third amended complaint" based on grounds that included the relation back doctrine.  In connection with the June motion, plaintiffs submitted a proposed "third amended complaint" that is substantively identical to the proposed "second amended complaint." Supreme Court denied the June motion and deemed the March motion to be moot on the ground that plaintiffs' claims are barred by the statute of limitations.  The court characterized the March motion as one seeking leave to amend the amended complaint and deemed the June motion as one to add a party defendant.  We conclude that the motions seek essentially the same relief and thus that the March motion was superseded by the June motion.  We further conclude that the court erred in denying the June motion, and we therefore modify the order accordingly.

We conclude that the court erred in denying plaintiffs' motion with respect to DelMonte P.C. based upon the relation back doctrine. In order for the relation back doctrine to apply, a plaintiff must establish that "(1) both claims arose out of the same conduct, transaction, or occurrence, (2) the additional party is united in interest with the original party, and by reason of that relationship can be charged with notice of the institution of the action such that he or she will not be prejudiced in maintaining a defense on the merits, and (3) the additional party knew or should have known that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against the additional party as well" (*Kirk v University OB-GYN Assoc., Inc.*, 104 AD3d 1192, 1193-1194; *see Buran v Coupal*, 87 NY2d 173, 178; *Haidt v Kurnath*, 86 AD3d 935, 936).

Here, we conclude that the first prong of the relation back doctrine test is satisfied because the claims against DelMonte P.C. arise out of the same occurrence as that alleged against DelMonte, doing business as Niagara Chiropractic Office, i.e., Venne's treatment of plaintiff (*see Kirk*, 104 AD3d at 1193-1194; *Cole v Tat-Sum Lee*, 309 AD2d 1165, 1167).  We further conclude that plaintiffs satisfied the second prong of that test inasmuch as DelMonte P.C. employed Venne and therefore may be held vicariously liable for his conduct (*see Verizon N.Y., Inc. v LaBarge Bros. Co., Inc.*, 81 AD3d 1294, 1296; *see also De Sanna v Rockefeller Ctr., Inc.*, 9 AD3d 596, 598; *Schiavone v Victory Mem. Hosp.*, 300 AD2d 294, 295).  We conclude that plaintiffs also satisfied the third prong of that test inasmuch as they established that their failure to include DelMonte P.C. as a defendant in the

original or first amended complaint " 'was a mistake and not . . . the result of a strategy to obtain a tactical advantage' " (*Haidt*, 86 AD3d at 936; *see Kirk*, 104 AD3d at 1193-1194; *see also Buran*, 87 NY2d at 176).

Finally, we note that plaintiffs' inclusion of allegations in the proposed third amended complaint relating to their attempt to pierce the corporate veil is of no moment. Piercing the corporate veil is not "a cause of action independent of that against the corporation; rather it is an assertion of facts and circumstances which will persuade the court to impose the corporate obligation on its owners" (*Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 141; *see Robinson v Day*, 103 AD3d 584, 588; *H & R Project Assoc. v City of Syracuse*, 289 AD2d 967, 968). By their additional allegations, plaintiffs did not assert a new cause of action.

Entered:  November 15, 2013                    Frances E. Cafarell
                                               Clerk of the Court