■ BARRY S. ROSEMAN, Individually and as Administrator of the Estate of SHIRLEY ROSEMAN, Deceased, Appellant, v ROBERT BARANOWSKI, M.D., et al., Respondents, et al., Defendants. [990 NYS2d 621]—

In a consolidated action, inter alia, to recover damages for medical malpractice, etc., the plaintiff appeals from an order of the Supreme Court, Suffolk County (Whelan, J.), dated June 27, 2012, which denied his motion pursuant to CPLR 203 and 3025 (b) for leave to serve a supplemental summons and amended complaint adding Seth Persky as a defendant.

Ordered that the order is reversed, on the law and the facts, with costs, and the plaintiff's motion pursuant to CPLR 203 and 3025 (b) for leave to serve a supplemental summons and amended complaint adding Seth Persky as a defendant is granted.

On March 12, 2008, the plaintiff's decedent underwent a colonoscopy at Long Island Digestive Disease Consultants, P.C. (hereinafter Long Island Digestive). The following day, she was admitted to John T. Mather Memorial Hospital (hereinafter the hospital) with internal bleeding. She was discharged from the hospital on March 15, 2008, but, three days later, after experiencing additional bleeding, she was readmitted to the hospital. The decedent's condition continued to deteriorate during this second admission and, on March 20, 2008, she died.

The plaintiff commenced an action against the physician Robert Baranowski, Long Island Digestive, and the hospital on or about November 30, 2009. Thereafter, on or about March 15, 2010, he commenced an action against Port Jefferson Internal Medicine Associates, P.C., and the physicians Eugene Coman and Richard Balter. The two actions were consolidated by order dated July 1, 2010.

On or about March 20, 2012, after conducting depositions of Baranowski and Coman, among others, the plaintiff moved for an order pursuant to CPLR 3025 (b) for leave to serve a supplemental summons and amended complaint adding the physician Seth Persky as a defendant. Recognizing that the limitations period for commencing a medical malpractice action against Persky had expired (see CPLR 214-a), the plaintiff also requested that, pursuant to CPLR 203 (b), the claims asserted against Persky be deemed timely since they related back to the claims interposed against the previously-named defendants. The Supreme Court denied the motion and the plaintiff appeals. We reverse.

"The relation-back doctrine, which is codified in CPLR 203 (b), allows a claim asserted against a defendant in an amended complaint to relate back to claims previously asserted against a codefendant for statute of limitations purposes where the two defendants are 'united in interest' " (*Shapiro v Good Samaritan*

*Regional Hosp. Med. Ctr.*, 42 AD3d 443, 444 [2007], quoting *Buran v Coupal*, 87 NY2d 173, 177 [1995]; *see Stevens v Winthrop S. Nassau Univ. Health Sys., Inc.*, 89 AD3d 835, 836 [2011]). In order for a claim asserted against a new defendant to relate back to the date the claim was filed against another defendant, the plaintiff must establish that (1) both claims arose out of the same conduct, transaction, or occurrence; (2) the new defendant is united in interest with the original defendant, and by reason of that relationship can be charged with notice of the institution of the action such that he or she will not be prejudiced in maintaining a defense on the merits; and (3) the new defendant knew or should have know that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against him or her as well (*see Buran v Coupal*, 87 NY2d at 178; *Mondello v New York Blood Ctr.—Greater N.Y. Blood Program*, 80 NY2d 219 [1992]; *Stevens v Winthrop S. Nassau Univ. Health Sys., Inc.*, 89 AD3d at 836; *Lopez v Wyckoff Hgts. Med. Ctr.*, 78 AD3d 664, 665 [2010]; *Cardamone v Ricotta*, 47 AD3d 659 [2008]). "The 'linchpin' of the relation-back doctrine is whether the new defendant had notice within the applicable limitations period" (*Alvarado v Beth Israel Med. Ctr.*, 60 AD3d 981, 982 [2009]; *see Stevens v Winthrop S. Nassau Univ. Health Sys., Inc.*, 89 AD3d at 836).

Here, as the Supreme Court properly concluded, it is clear that the first prong of the three-part test was satisfied. The claims all arose out the same conduct, to wit, the alleged negligence in treating the decedent and, particularly as the complaint relates to the conduct of the physicians employed by Long Island Digestive, including Persky, in discharging her from the hospital on March 15, 2008. Similarly, the Supreme Court properly found that the second prong of the test, requiring unity of interest, was satisfied. Indeed, the defendants do not raise any challenge regarding this criterion.

However, we disagree with the Supreme Court's conclusion that the plaintiff failed to satisfy the third prong of the test, which focuses, inter alia, on "whether the defendant could have reasonably concluded that the failure to sue within the limitations period meant that there was no intent to sue that person at all 'and that the matter has been laid to rest as far as he [or she] is concerned' " (*Buran v Coupal*, 87 NY2d at 181 [emphasis omitted], quoting *Brock v Bua*, 83 AD2d 61, 70 [1981]). The decedent's medical records include several notes signed by Persky, and clearly reference him as the physician who discharged the decedent from the hospital on March 15, 2008.

Given such facts, it was not reasonable for Persky to conclude that the plaintiff intended to proceed only against the defendants named in the original summons and complaint, especially since the decedent died soon after she was discharged from the hospital, and the complaint asserted specific allegations of negligence relating to the decedent's premature hospital discharge (*cf. Nani v Gould*, 39 AD3d 508, 510 [2007]). In addition, contrary to the conclusion of the Supreme Court, the plaintiff demonstrated that the failure to originally name Persky as a defendant was the result of a mistake, and there was no need to show that such mistake was excusable (*see Buran v Coupal*, 87 NY2d at 179-180).

Accordingly, the Supreme Court should have granted the plaintiff's motion pursuant to CPLR 203 and 3025 (b) for leave to serve a supplemental summons and amended complaint adding Persky as a defendant. Skelos, J.P., Austin, Sgroi and LaSalle, JJ., concur.