■ CHARLES MARRONE, Appellant, v LAWRENCE W. MILOSCIO et al., Respondents. [44 NYS3d 502]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Asher, J.), dated May 28, 2014, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Lawrence W. Miloscio and denied his cross motion for leave to amend his complaint.

Ordered that the order is reversed insofar as appealed from, on the law and the facts, without costs or disbursements, that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Lawrence W. Miloscio is denied, with leave to renew upon the completion of discovery, and the plaintiff's cross motion for leave to amend his complaint is granted.

The plaintiff alleged that, in November 2009, the defendant Lawrence W. Miloscio (hereinafter the defendant driver) was driving a vehicle registered to the defendant Long Island Power Authority (hereinafter LIPA) when he rear-ended a vehicle driven by the plaintiff. The plaintiff also alleged, inter alia,

that LIPA was the employer of the defendant driver. In fact, at the time of the accident, the driver was employed by National Grid Electric Services, LLC (hereinafter National Grid LLC), which provided maintenance and operation services for LIPA pursuant to a management services agreement. In March 2011, the plaintiff commenced this action against the defendant driver and LIPA (hereinafter together the defendants), but did not serve a notice of claim on LIPA.

In January 2013, the defendants moved for summary judgment pursuant to CPLR 3212 on the ground, inter alia, that the plaintiff had failed to serve a notice of claim as required by Public Authorities Law § 1020-y (3) and General Municipal Law § 50-b. The plaintiff cross-moved to amend his complaint to substitute National Grid LLC for LIPA as a defendant and, in opposition to the defendants' motion for summary judgment, contended that National Grid LLC, in its agreements with LIPA, had waived its right to indemnification and that, accordingly, LIPA was not entitled to a notice of claim since it could not be held liable. In support of this contention, the plaintiff proffered a 2006 Management Service Agreement (hereinafter the 2006 MSA) between LIPA and Keyspan Electric Services LLC (hereinafter Keyspan), and a 2007 amendment to the 2006 MSA memorializing Keyspan's merger with "National Grid plc and National Grid US8 [sic]" (hereinafter the 2007 MSA Amendment). In opposition to the defendants' contention in their motion for summary judgment that the defendant driver was employed by National Grid LLC at the time of the collision, the plaintiff contended that the defendants' motion for summary judgment was premature because he was entitled to discovery on the issue of, inter alia, the business the defendant driver was conducting at the time of the accident and LIPA's contractual relationship with National Grid LLC. The defendants opposed the cross motion contending, in effect, that failure to serve a notice of claim was fatal to any action against National Grid LLC as well since LIPA had a duty to indemnify both the defendant driver and National Grid LLC.

The Supreme Court concluded that because the defendant driver was operating a vehicle owned by LIPA at the time of the accident, LIPA had a statutory duty, pursuant to General Municipal Law § 50-e (1) (b), to indemnify National Grid LLC and that it was therefore entitled to a notice of claim. It further found that, even if National Grid LLC had waived indemnification via the 2006 MSA and/or 2007 MSA Amendment, a notice of claim was still required as a result of LIPA's statutory duty to indemnify. Accordingly, the court granted the defendants'

motion for summary judgment dismissing the complaint and denied the plaintiff's cross motion for leave to amend his complaint. The plaintiff appeals.

Although the plaintiff concedes that Public Authorities Law § 1020-y (3) and General Municipal Law § 50-e (1) (a) apply to LIPA and that no notice of claim was served on LIPA, the plaintiff contends that, since the defendant driver is an employee of National Grid LLC, a private company, there is relevant discovery that remains outstanding which makes that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant driver premature.

A party who contends that a motion for summary judgment is premature must "demonstrate that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant" (*Buto v Town of Smithtown*, 121 AD3d 829, 830 [2014], quoting *Singh v Avis Rent A Car Sys., Inc.*, 119 AD3d 768, 770 [2014]; *see generally McGovern v St. Cyril & Methodius R.C. Church*, 52 AD3d 787, 788 [2008]). In opposition to the defendants' motion for summary judgment, the plaintiff demonstrated that the defendants had not revealed that, at the time of the subject accident, the defendant driver was actually employed by National Grid LLC, and not LIPA, until the defendants filed their summary judgment motion. The award of summary judgment dismissing the complaint insofar as asserted against the defendant driver was therefore premature, inasmuch as substantial discovery with respect to the relationship between the National Grid LLC and the defendant driver, as well as the nature of the business the defendant driver was conducting at the time of the subject accident, remains outstanding (*see* CPLR 3212 [f]; *Brown v County of Nassau*, 226 AD2d 492, 492 [1996]; *see e.g. McGovern v St. Cyril & Methodius R.C. Church*, 52 AD3d at 788). Thus, the Supreme Court erred in granting that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant driver.

Additionally, the Supreme Court should have granted the plaintiff's cross motion for leave to serve an amended complaint adding causes of actions against National Grid LLC. Leave to amend a pleading should be "freely given upon such terms as may be just" (CPLR 3025 [b]). The proposed amendment "was neither 'palpably insufficient nor patently devoid of merit,' " and there is no significant prejudice or surprise resulting from the plaintiff's delay in asserting causes of action against

National Grid LLC (*Hothan v Mercy Med. Ctr.*, 105 AD3d 905, 906 [2013], quoting *Kahan v Spira*, 88 AD3d 964, 965 [2011]; *see e.g. Blue Diamond Fuel Oil Corp. v Lev Mgt. Corp.*, 103 AD3d 675, 676 [2013]; *Maldonado v Newport Gardens, Inc.*, 91 AD3d 731, 731-732 [2012]).

The proposed amendment adding National Grid LLC as a defendant is proper even though the statute of limitations has expired because the plaintiff established the applicability of the relation-back doctrine (*see Buran v Coupal*, 87 NY2d 173, 178-181 [1995]; *Schiavone v Victory Mem. Hosp.*, 300 AD2d 294, 295 [2002]; *see e.g. Nasca v DelMonte*, 111 AD3d 1427, 1428-1429 [2013]). The relation-back doctrine allows causes of action asserted against a new defendant in an amended complaint to relate back to causes of action previously asserted against a defendant in the same action for statute of limitations purposes if the plaintiff can establish that "(1) both claims arose out of [the] same conduct, transaction[,] or occurrence; (2) the new party is 'united in interest' with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that he [or she] will not be prejudiced in maintaining his [or her] defense on the merits[;] and (3) the new [defendant] knew or should have known that, but for an excusable mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against him as well" (*Buran v Coupal*, 87 NY2d at 178, quoting *Brock v Bua*, 83 AD2d 61, 69 [1981] [citation omitted]; *see e.g. Schiavone v Victory Mem. Hosp.*, 300 AD2d at 295; *cf. Mileski v MSC Indus. Direct Co., Inc.*, 138 AD3d 797, 799-800 [2016]).

Here, the plaintiff has alleged that the causes of action against National Grid LLC arose out of the same accident that is the basis of the action and that National Grid LLC is united in interest with the defendant driver because National Grid LLC could be held vicariously liable for any alleged negligence by the defendant driver while he was working for National Grid LLC (*see e.g. Schiavone v Victory Mem. Hosp.*, 300 AD2d at 295; *Brown v Midtown Med. Care Ctr.*, 96 AD3d 641, 641 [2012]). Given that the defendant driver was driving a vehicle registered to LIPA, and that LIPA, not National Grid LLC, was identified in the police reports concerning the subject accident, and in the defendants' verified answer, there was no showing that the plaintiff's failure to initially join National Grid LLC as a defendant was in bad faith or that National Grid LLC was prejudiced (*see Schiavone v Victory Mem. Hosp.*, 300 AD2d at 295). Since National Grid LLC is the employer of the defend-

ant driver, it should have known that, but for the plaintiff's mistake in identifying LIPA as the defendant driver's employer, the action would have been timely brought against it as well (*see Buran v Coupal*, 87 NY2d at 178; *see also Brown v Midtown Med. Care Ctr.*, 96 AD3d at 641).

The defendants' remaining contentions are without merit.

Accordingly, the Supreme Court should have denied, as premature, that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant driver, with leave to renew upon the completion of discovery, and should have granted the plaintiff's cross motion for leave to amend his complaint. Dillon, J.P., Dickerson, Maltese and Duffy, JJ., concur.