■ DAVID BERMAN, Appellant, v CHILDREN'S AID SOCIETY, Respondent. [56 NYS3d 225]—

In an action, inter alia, pursuant to RPAPL article 15 for a judgment declaring that the plaintiff has an easement over a portion of the defendant's real property, the plaintiff appeals from an order of the Supreme Court, Richmond County (Straniere, J.), dated December 23, 2014, which, sua sponte, awarded summary judgment to the defendant declaring that the plaintiff did not have an implied easement over the defendant's real property and dismissing the causes of action seeking damages, and thereupon, in effect, denied the plaintiff's motion for leave to amend the complaint and denied, as academic, the plaintiff's motion to compel certain discovery.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, awarded summary judgment to the defendant declaring that the plaintiff did not have an implied easement over the defendant's real property and dismissing the causes of action seeking damages is deemed an application for leave to appeal from that portion of the order, and leave to appeal from that portion of the order is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion for leave to amend the complaint is granted, and the matter is remitted to the Supreme Court, Richmond County, for further proceedings consistent herewith.

The plaintiff is the owner of real property on Staten Island which he is seeking to subdivide. His proposed development includes the paving of a street named Alden Place. Alden Place appears on an 1872 subdivision map created by the original grantor of both the plaintiff's and the defendant's properties. The defendant now owns Alden Place and the plaintiff claims an easement. Knowing of the plaintiff's claim over Alden Place, the defendant nevertheless sought to sell that portion of its property to the City of New York for use as a park.

The plaintiff commenced this action for a judgment declaring that he has an implied easement over Alden Place, to direct the defendant to consent to his improving Alden Place as a street, and for compensatory damages. He thereafter moved for leave to amend the complaint to add causes of action alleging

interference with property rights pursuant to RPAPL 2001 and tortious interference with prospective economic relations, and for punitive damages. In a discovery order dated June 23, 2014, the Supreme Court, inter alia, directed the parties to "submit briefs relating to the issue of Plaintiff's right to construct a roadway at Alden Place." The plaintiff subsequently moved to compel the defendant to provide discovery relating to his proposed additional claims.

In the order appealed from, the Supreme Court, concluding that the plaintiff has no easement over Alden Place, sua sponte, awarded summary judgment to the defendant declaring that the plaintiff did not have an implied easement over Alden Place. Finding that the defendant has no liability for the plaintiff's delay in pursuing his development plans, the court, sua sponte, awarded summary judgment dismissing the causes of action seeking damages and punitive damages. The court, in effect, denied the plaintiff's motion to leave to amend the complaint and found that all other applications were academic. The plaintiff appeals.

The Supreme Court erred in treating the parties' briefs, which the court required the parties to submit, as motions for summary judgment. The parties did not move for a determination on the merits, either pursuant to CPLR 3211 or 3212, or otherwise deliberately chart a summary judgment course (see Case v Cayuga County, 60 AD3d 1426 [2009]). Accordingly, the court erred in awarding summary judgment to the defendant declaring that the plaintiff did not have any easement over the defendant's real property and dismissing the causes of action seeking damages and punitive damages.

The plaintiff's motion for leave to amend the complaint should have been granted. Leave to amend a complaint shall be freely given (see CPLR 3025 [b]). Only when a proposed amendment is palpably insufficient or patently devoid of merit, and would prejudice or surprise the opposing party should leave to amend be denied (see Marrone v Miloscio, 145 AD3d 996 [2016]). Here, the plaintiff's proposed causes of action, which allege interference with property rights pursuant to RPAPL 2001, and tortious interference with prospective economic relations, are sufficiently stated in the proposed amended complaint (see Carvel Corp. v Noonan, 3 NY3d 182 [2004]; 534 E. 11th St. Hous. Dev. Fund Corp. v Hendrick, 90 AD3d 541, 542 [2011]; Thome v Alexander & Louisa Calder Found., 70 AD3d 88, 108 [2009]). Furthermore, punitive damages may be recoverable if the defendant acted with wanton disregard for the rights of neighboring landowners for its own

benefit (*see Vacca v Valerino*, 16 AD3d 1159 [2005]; *Stassou v Casini & Huang Constr., Inc.*, 14 AD3d 695 [2005]). Moreover, the defendant failed to show that it would be prejudiced or surprised by the proposed amendment.

Accordingly, we remit the matter to the Supreme Court, Richmond County, for further proceedings, including a determination of the plaintiff's motion to compel discovery. Leventhal, J.P., Sgroi, LaSalle and Barros, JJ., concur.