Ferrara v Jerome Zisfein (2019 NY Slip Op 00096)





Ferrara v Jerome Zisfein


2019 NY Slip Op 00096


Decided on January 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2016-03957
 (Index No. 1429/12)

[*1]Anthony Ferrara, plaintiff-respondent, 
v
Jerome Zisfein, etc., et al., defendants, South Nassau Communities Hospital, defendant-respondent, Atlantic Medical Anesthesia Associates, P.C., appellant.


Kerley, Walsh, Matera & Cinquemani, P.C., Seaford, NY (Lauren B. Bristol of counsel), for appellant.
Friedman Sanchez, LLP, Brooklyn, NY (Andrew M. Friedman of counsel), for plaintiff-respondent.
Bartlett, McDonough & Monaghan, LLP, Mineola, NY (Robert G. Vizza of counsel), for defendant-respondent.



DECISION & ORDER
In an action to recover damages for medical malpractice, the defendant Atlantic Medical Anesthesia Associates, P.C., appeals from an order of the Supreme Court, Nassau County (Jeffrey S. Brown, J.), entered February 9, 2016. The order, insofar as appealed from, denied that branch of the motion of the defendants Christophe DeBrady and Atlantic Medical Anesthesia Associates, P.C., which was for summary judgment dismissing the amended complaint insofar as asserted against the defendant Atlantic Medical Anesthesia Associates, P.C.
ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs, and that branch of the motion which was for summary judgment dismissing the amended complaint insofar as asserted against the defendant Atlantic Medical Anesthesia Associates, P.C., is granted.
The plaintiff commenced this medical malpractice action after he underwent a cardiac catheterization procedure allegedly negligently performed by the defendant Jerome Zisfein, at the defendant South Nassau Communities Hospital (hereinafter SNCH). Following the commencement of this action, the defendant Christophe DeBrady, an anesthesiologist who intubated the plaintiff after complications arose during the subject medical procedure, was added as a defendant within the limitations period, along with the defendant North American Partners In Anesthesia, LLP (hereinafter North American), which SNCH had represented on a notice to admit was DeBrady's employer. After expiration of the applicable limitations period, the plaintiff learned that the defendant Atlantic Medical Anesthesia Associates, P.C. (hereinafter Atlantic), and not North American, was DeBrady's employer at the time of the subject medical procedure. In an order dated April 3, 2014, the Supreme Court granted a motion to add Atlantic as a defendant under the relation-back doctrine, and severed the action as to North American.
DeBrady and Atlantic then moved for summary judgment dismissing the amended complaint insofar as asserted against them. DeBrady argued that he did not commit medical malpractice during the subject medical procedure, and Atlantic argued that its liability in this action is solely vicarious as to DeBrady. The Supreme Court granted the branch of the motion as to DeBrady, which was unopposed. The court denied the relief requested with respect to Atlantic, holding, inter alia, that a triable issue of fact exists as to Atlantic's liability for the acts of a nonparty, one Nicholas Cantalupo, another anesthesiologist employed by Atlantic. Cantalupo's involvement in the subject medical procedure was not indicated in the plaintiff's medical records, and was first discovered during the examinations before trial. Atlantic appeals, and we reverse insofar as appealed from.
In order for a cause of action asserted against a new defendant to relate back to the date a claim was asserted against another defendant, the plaintiff must establish that "(1) the [cause of action] arises out of the same conduct, transaction, or occurrence, (2) the additional party is united in interest with the original party, and (3) the additional party knew or should have known that but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against the additional party as well (see Buran v Coupal, 87 NY2d 173, 178 [1995])" (Bumpus v New York City Tr. Auth., 66 AD3d 26, 35; see CPLR 203[b]). In malpractice actions, such as this one, "the defendants are considered united in interest when one is vicariously liable for the acts of the other" (Schiavone v Victory Mem. Hosp., 292 AD2d 365, 366). The second prong of the relation-back doctrine requires unity of interest with a party in the action (see Matter of Emmett v Town of Edmeston, 2 NY3d 817).
Since Atlantic was made a party to the action after the expiration of the statute of limitations based solely on its unity of interest with DeBrady, who was timely served, Atlantic's liability in the instant action cannot be predicated upon vicarious liability for the alleged negligent acts of other employees of Atlantic who are not parties to this action, including nonparty Cantalupo. Accordingly, Atlantic demonstrated its prima facie entitlement to judgment as a matter of law dismissing the amended complaint insofar as asserted against it, upon dismissal of the action as against DeBrady (see Jones v Cummings, 55 AD3d 677, 678). In opposition, the plaintiff and SNCH failed to raise a triable issue of fact (see Last v Guardian Life Ins. Co. of Am., 72 AD3d 1032; cf. Schiavone v Victory Mem. Hosp., 300 AD2d 294). Contrary to the contention of the plaintiff and SNCH, Cantalupo cannot be deemed a party to this action for the purpose of the relation-back doctrine as to Atlantic, even though the amended complaint names "John Doe, M.D.," as a defendant employed by Atlantic. The plaintiff never moved to substitute Cantalupo for "John Doe, M.D.," and, in any event, there has been no showing that any of the requirements of CPLR 1024 to substitute a party for a "John Doe" were met here (see generally Holmes v City of New York, 132 AD3d 952, 953-954; Porter v Kingsbrook OB/GYN Assoc., 209 AD2d 497).
Accordingly, Atlantic's liability in this action rises or falls with only DeBrady (see Schiavone v Victory Mem. Hosp., 292 AD2d at 366). Because the Supreme Court directed dismissal of the amended complaint insofar as asserted against DeBrady, the court also should have awarded Atlantic summary judgment dismissing the amended complaint insofar as asserted against it.
DILLON, J.P., BALKIN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court