Rivera v Wyckoff Hgts. Med. Ctr. (2019 NY Slip Op 06109)





Rivera v Wyckoff Hgts. Med. Ctr.


2019 NY Slip Op 06109


Decided on August 7, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2016-06201
 (Index No. 9685/11)

[*1]Luis Rivera, etc., respondent, 
v
Wyckoff Heights Medical Center, et al., defendants, Mukul Arya, etc., appellant.


Vigorito, Barker, Porter & Patterson LLP, Valhalla, NY (Leilani Rodriguez of counsel), for appellant.
Godosky & Gentile, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Kenneth J. Gorman, and Jillian Rosen], of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for wrongful death, etc., the defendant Mukul Arya appeals from an order of the Supreme Court, Kings County (Gloria M. Dabiri, J.), dated March 28, 2016. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for leave to amend the complaint to add the third-party defendant Mukul Arya as a direct defendant in the action.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On April 2, 2009, the plaintiff's decedent, Carmen Otero (hereinafter the decedent), was treated for abdominal pain in the emergency room of the defendant Wyckoff Heights Medical Center (hereinafter the medical center), and discharged that same day with instructions indicating that she had been seen by the defendant Howard Eichenstein. On April 5, 2009, the decedent returned to the emergency room of the medical center with similar complaints of abdominal pain and was examined by the defendant Dali Chakhv Ashvil Mardach. Following a CT scan and a surgical consultation with the defendant Akella Chendrasekhar, the decedent was diagnosed with a bowel obstruction and admitted to the medical center. On April 6, 2009, the decedent underwent a colonoscopy performed by Mukul Arya. After surgery on April 8, 2009, the decedent's condition continued to deteriorate and, on May 1, 2009, she died.
In April 2011, the plaintiff commenced this action against the medical center, Eichenstein, Mardach, and Chendrasekhar. In July 2011, Arya left the medical center and became affiliated with a different facility. In November 2014, the medical center commenced a third-party action against Arya, as well as Wyckoff Emergency Medicine Services, P.C., and Theophine Abakporo and Bhakti Patel, employees of Wyckoff Emergency Medicine Services, P.C., who allegedly treated the decedent in the emergency room. In May 2015, the plaintiff moved, inter alia, for leave to amend the complaint to add the third-party defendants as direct defendants in the action. In an order dated March 28, 2016, the Supreme Court granted the motion. Arya appeals, and we affirm the order insofar as appealed from.
As there is no dispute that the statute of limitations had expired by the time the plaintiff moved for leave to amend the complaint to add a direct claim against Arya, whether the amendment may be allowed turns on whether the relation-back doctrine applies (see CPLR 203[f]), with the burden being on the plaintiff to establish that the doctrine applies (see Montalvo v Madjek, Inc., 131 AD3d 678, 679; LeBlanc v Skinner, 103 AD3d 202, 208; Boodoo v Albee Dental Care, 67 AD3d 717, 718).
To establish the applicability of the relation-back doctrine, a plaintiff must demonstrate that (1) both claims arose out of the same conduct, transaction, or occurrence; (2) the new party is united in interest with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that he or she will not be prejudiced in maintaining his of her defense on the merits; and (3) the new defendant knew or should have known that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against him or her as well (see Buran v Coupal, 87 NY2d 173, 178; Roseman v Baranowski, 120 AD3d 482, 483-484; Lopez v Wyckoff Hgts. Med. Ctr., 78 AD3d 664, 665; Schiavone v Victory Mem. Hosp., 292 AD2d 365, 366; Austin v Interfaith Med. Ctr., 264 AD2d 702, 704). The "linchpin" of the relation-back doctrine is whether the new defendant had notice within the applicable limitations period (Stevens v Winthrop S. Nassau Univ. Health Sys., Inc., 89 AD3d 835, 836 [internal quotation marks omitted]; Alvarado v Beth Israel Med. Ctr., 60 AD3d 981, 982 [internal quotation marks omitted]).
Here, we agree with the Supreme Court that the first prong of the three-part test was satisfied. The claims arose out of the same conduct, to wit, the alleged failure to provide adequate emergency medical care to the decedent upon her presentment to the medical center on April 2, 2009, and her hospitalization from April 5, 2009, through May 1, 2009. Thus, the plaintiff satisfied the first prong of the relation-back doctrine in that the care it is claimed was rendered by the original defendants and Arya is directly related to diagnosis and treatment of the condition with which the decedent presented to the medical center.
Further, we agree with the Supreme Court that the second prong of the test, requiring unity of interest, was satisfied. Where, as here, a patient enters a hospital through its emergency room seeking treatment from the hospital, and not from a particular physician of the patient's choosing, the hospital may be held vicariously liable for the negligence of the treating physician, an independent contractor, under a theory of apparent agency (see Hill v St. Clare's Hosp., 67 NY2d 72, 79-81; Austin v Interfaith Med. Ctr., 264 AD2d at 704; Abraham v Dulit, 255 AD2d 345). The vicarious liability of the hospital allows for a finding of unity of interest with the emergency room and attending physicians (see Polgano v Christakos, 104 AD3d 501, 502; Austin v Interfaith Med. Ctr., 264 AD2d at 704; Schiavone v Victory Mem. Hosp., 292 AD2d at 366).
We also agree with the Supreme Court's determination that the plaintiff satisfied the third prong of the test, which focuses, inter alia, on "whether the defendant could have reasonably concluded that the failure to sue within the limitations period meant that there was no intent to sue that person at all and that the matter has been laid to rest as far as he [or she] is concerned'" (Buran v Coupal, 87 NY2d at 181 [emphasis omitted], quoting Brock v Bua, 83 AD2d 61, 70; see Shapiro v Good Samaritan Regional Hosp. Med. Ctr., 42 AD3d 443, 444). The decedent's medical records from the medical center include several notes signed by Arya, and clearly and repeatedly reference him as a physician who treated the decedent at the medical center. Such records include, inter alia, a medical center "Consent" form signed by the decedent and Arya authorizing Arya to perform the colonoscopy; an "Operation Procedure Verification Sheet" with Arya's signature and handwritten notes; several forms of a "Colonoscopy Report" with Arya's typed notes concerning the surgical procedure and/or his handwritten or typed signature; a "Consultation Request" by which another doctor from the medical center referred the plaintiff to Arya; a form with handwritten patient notes prepared by Arya and with Arya's stamped signature and handwritten initials; and a "Moderate Sedation Reassessment Discharge Record" with Arya's handwritten notes and stamped signature. Given such facts, it would not have been reasonable for Arya to conclude that the plaintiff intended to proceed only against the defendants named in the original summons and complaint, especially since the decedent's condition continued to deteriorate after the colonoscopy performed by Arya on [*2]April 6, 2009, in that she died thereafter, on May 1, 2009 (see Roseman v Baranowski, 120 AD3d 482, 483-484; see also Perillo v DiLamarter, 151 AD3d 1710, 1710; Henriquez v Caselnova, 2017 WL 4766254 [Sup Ct, Queens County, No. 7100162014]). In addition, the plaintiff demonstrated that the failure to originally name Arya as a defendant was the result of a mistake in determining which doctors at the medical center provided care to the decedent, and there was no need to show that such mistake was excusable (see Buran v Coupal, 87 NY2d at 179-180).
Accordingly, we agree with the Supreme Court's determination to grant that branch of the plaintiff's motion which was for leave to amend the complaint to add Arya as a direct defendant in the action.
SCHEINKMAN, P.J., RIVERA, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court